# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

D. Barrett Edwards, IV, Esquire          Mr. Tracy-Dale Crisco
Hudson, Jones, Jaywork & Fisher LLC       Ms. Andreea Istrate
225 South State Street                    783 Fence Post Lane
Dover, Delaware 19901                     Viola, Delaware 19979

Submitted: August 10, 2022
Decided: August 25, 2022

> **RE:   Kent County Department of Finance v. Tracy-Dale Crisco,  Andreea Istrate, and the United States of America**
> **K22J-00453 JJC**

Dear Mr. Edwards, Mr. Crisco, and Ms. Istrate:

This letter provides the Court's reasoning and decision regarding Tracy-Dale Crisco's and Andreea Istrate's (hereinafter the "Property Owners") challenge to a Kent County Department of Finance monition. In their challenge, the Property Owners object to the County's efforts to recover eight-years of unpaid property taxes and assessments.

Here, the County filed the required praecipe and monition with the Prothonotary which entered a judgment upon the property.[1]   Now, in addition to

---

[1] *See* 9 *Del. C.* § 8722 & 8723 (providing the requirements for the praecipe and the required form for a monition).

opposing the Property Owners' challenge, the County requests the Court permit it to request a writ of *venditioni exponas* to execute on its judgment.[2]

For the reasons explained below, the monition is valid and the County is entitled to force a sale of the property. The monition sale will remain subject to the Property Owners' statutory right to redeem the property from a purchaser, within sixty days of Court approval.[3]

### Background and Arguments of the Parties

The County entered a facially valid *in rem* judgment with the Kent County Prothonotary when it filed its praecipe and monition. With these filings, the County seeks to recover $7,563.78 (due as of May 2, 2022) of unpaid property taxes, penalty assessments, and service charges that accrued between 2013 and 2021. That amount has increased because additional penalties have accrued on the first of each month following May 2022.

In the Property Owners' "challenge" to the monition, they attempt to stop the process and provide a long list of arguments. Many of their arguments are difficult to understand and contradict one another. For instance, they claim several alleged violations of their constitutional rights, but then contradictorily contend that they fall within a class of persons that are not subject to the laws of the County, State, or Federal Government. Most recently, their arguments have partially shifted; they now acknowledge this inconsistency while maintaining that they expect the Court to "preserve" both arguments.[4]

---

[2] *See* 9 *Del. C.* § 8725 (providing the process for issuance of a writ of *vendtioni exponas* that directs the sheriff to execute upon the real property subject to taxes sought to be recovered by monition).

[3] *See* 9 *Del. C.* § 8729 (describing the sixty-day time limit for an owner to redeem the property, and the terms and the additional premium required to do so).

[4] "Petition for Solution/Relief/Remedy From This Court" (D.I. 16).

After a careful review of the Property Owners' filings, the Court recognizes only one possible defense to the monition. Namely, they allege that the County fails to justify how much they owe it. Even as to that argument, they contradict themselves by acknowledging that they "may" pay the assessments if the County first meets a list of seven demands.[5]

In the County's written response, it substantiates the amount of taxes, penalties, and interest owed.[6] The County also requests that the Court deny the Property Owners' challenge and permit it to file for a writ of *venditioni exponas* to compel the Kent County Sheriff to execute upon the property.

After the Court reviewed the filings, it heard argument at a routine motion calendar. After the benefit of that argument, the Court interprets the Property Owners' challenges to be two-fold: (1) a challenge to the County's power to tax them and the Court's jurisdiction to accept the lien; and (2) a request that the Superior Court provide them a hearing to litigate the propriety and accuracy of eight years of assessments because they have been denied due process.

At the conclusion of the argument, the Court invited the parties to file letter supplements to address three questions. First, the Court invited the parties to address the structure of the County's tax appeals process. Second, the Court invited further written argument to address whether that process provided the Property Owners due process. Third, the Court suggested that the parties review the Delaware Supreme

---

[5] "Constructive Notice of Conditional Acceptance" (D.I. 14). The Court will address this only by explaining that the Property Owners are mistaken in their belief that they prevail in their challenge by imposing unilateral demands upon the County that go unanswered. They cite no statutory, regulatory, or rule-based authority to either make such demands upon the County, or that provide consequences for the County's failure to respond.

[6] The County also included copies of the bills showing the amount of taxes due with the praecipe for monition as required by 9 *Del. C.* § 8722(b).

Court's decision in *Pottock v. Mellott*,[7] and provide any comments regarding it that they felt appropriate.

Thereafter, the Property Owners filed two supplemental documents. First, they filed what they titled "Constructive Notice of Conditional Acceptance."[8] Finally, and more recently, the Property Owners filed another document entitled "Petition for Solution/Relief/Remedy From this Court."[9]

The County also filed a supplemental letter. There, it accurately explained the County's real estate tax assessment process, the administrative procedure available for landowners to appeal such assessments as they are presented, and the statutory authority that authorizes and establishes the County's monition process.

## Discussion

At the outset, Kent County has the authority to assess property taxes upon real property in Kent County.[10] On May 2, 2022, the County filed a praecipe for monition that met the requirements of 9 *Del. C.* § 8722.[11] The County included a monition with the praecipe -- the monition substantially complied with 9 *Del. C.* § 8723.[12] These two compliant filings placed a facially valid lien on the Property Owners' real estate.

In this case, the Property Owners have not paid their taxes or assessments for

---

[7] 22 A.2d 843 (Del. 1941).

[8] D.I. 14.

[9] D.I. 16.

[10] 9 *Del. C.* § 4110(b)(1).

[11] *See id.* § 8722 (b) (providing the requirements for a praecipe in monition).

[12] *See id.* § 8723 (providing the form of the monition include the name of the person to whom the property is assessed, a description of the property, a notice to any persons having title or claiming to have title, the year or years assessed, and the amount of the judgment).

over eight years; in fact, they do not allege even partial payment. To the contrary, they challenge the County's ability to tax them as individuals. In the alternative, they seek to litigate the amounts due in Superior Court.

As to the County's authority to tax their property and this Court's jurisdiction to accept the monition, the Court need not belabor the fact, or debate, that the Property Owners are citizens of the County, the State of Delaware, and the United States. It need not address further address their legal status because it becomes irrelevant in the context of an *in rem* judgment. As such, the lien attaches only to their property and does not constitute a personal judgment. In this way, the County's recovery, based upon this monition, is limited to what may be recovered from the subject matter property.

Here, in both the Property Owners' filings and oral representations in Court, they confirm that they own the property. Furthermore, as to their prior dealings with the County, they confirmed they owned it by filing a deed with the Kent County Recorder of Deeds. On one hand, they claim ownership of the property by referencing a deed they filed with the County when they acquired the land. On the other hand, they attempt to avoid tax obligations that flow with that land. Their taxing authority and jurisdictional arguments are inconsistent and have no merit.

Moving to the question of due process, the Court and the parties recognize that real property owners have the right to challenge the accuracy and propriety of real estate taxes.[13] Here, the question becomes how much process the Property Owners are due. Delaware statutes and Kent County ordinances establish the administrative process that controls such challenges.[14] That process provides

---

[13] U.S. Const. amend. V; Del. Const. art. I, § 7.

[14] *See* 9 *Del. C.* § 8312(b) & (c) (providing the statutory notice requirements and mechanism for property owners to appeal a Kent County tax assessment to Kent County's Board of Assessment, and providing for an appeal of a Board of Assessment decision to the Superior Court); Kent Cty.

5

property owners a sufficient and fair mechanism to challenge the amounts due, *as they come due*. One of the statutory provisions that create this process requires a property owner who wants to challenge an assessment to do so within a reasonable time.[15]

As explained by the Delaware Supreme Court, county real estate tax procedures provide sufficient due process when:

> provision is made for the correction of errors through boards of revision or appeals, sitting at times and places fixed by law, to hear complaints with respect to the justice of assessments[. N]o more is required in the way of notice and opportunity to be heard.[16]

In this case, State and County law provided the Property Owners such a process. In that constitutionally sufficient process, they had the opportunity to challenge the propriety and accuracy of the amount due. They failed to pursue their challenge in the proper forum within the proper timeframe.

That failure now bars their request for an evidentiary hearing to contest the assessments. As this Court previously held, the exhaustion of administrative remedies doctrine prevents a taxpayer from challenging the propriety or accuracy of a tax lien in Court if the taxpayer failed to exhaust his or her administrative remedies.[17] Given the Property Owners' failure to exhaust their County remedies, this Court's jurisdiction is limited to accepting the monition and then overseeing the

---

C. § 9-9 (providing the makeup of the Kent County Board of Assessment that hears the appeals from any property owner that alleges improper or inaccurate tax assessments).

[15] *Id.*

[16] *Pottock v. Mellott*, 22 A.2d at 848.

[17] *Division of Revenue v. Odoemene*, 2021 WL 4452829, at *2 (Del. Super. Sept. 29, 2021). *See also* Kent Cty. C. § 175-106.3.2.3 (providing that unpaid fines, including tickets for uncut grass, may be considered a tax lien, and collected in the same manner as other County real estate taxes); Pl. Resp. to Def. Mot. Ex. B (D.I. 5) (attaching, in addition to documents that verify the amount of unpaid taxes, two grass/weed cutting liens to the property with the requisite notice to the Property Owners).

the execution process. They cannot challenge now what they should have challenged earlier.

On balance, because (1) the Property Owners did not use the process available to them to challenge the assessments, and (2) they do not demonstrate or even allege that they have paid any portion of the amount due, their challenge to the monition must be denied. There is a valid lien upon the subject property and the Superior Court, by virtue of its statutory direction to accept monitions, may not interfere with the process for the reasons cited by the Property Owners. It follows that the County may request a writ of *venditioni exponas* to compel the sale of the property.

## Conclusion

The Property Owners' challenge and objections to the monition process are **DENIED** for the reasons explained above. The County may execute upon the subject property after it requests and receives the necessary writ. The sale of the property remains subject to the Property Owners' statutory right of redemption as provided by 9 *Del. C.* §8729.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*
*U.S. Mail to Defendants Tracy Dale Crisco and Andreea Istrate*

7